USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/30/20

**RASCO | KLOCK**
— ATTORNEYS —
RASCO | KLOCK | PEREZ | NIETO

**James Halter**
**646.970.4770 (Main)**
**305.476.5141 (Direct)**
**305.718.0639 (Facsimile)**
jhalter@rascoklock.com

July 29, 2020

**BY ECF**

The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMORANDUM ENDORSED**

    Re:   *Rotger v. Montefiore Medical Center*
            SDNY Case No. 15 Civ. 7783 (GHW)

Dear Judge Woods:

    We represent the Plaintiff and write on behalf of both parties to update the Court. For more than a year, the parties have been in agreement on an appropriate confidential resolution to this matter. Plaintiff, however, prosecutes this matter as Administratrix of Nelson Rotger based on the attached Letters of Limited Administration (Exhibit A) which limits her ability to resolve the matter without approval from the Surrogate's Court.

    Plaintiff petitioned the Surrogate's Court to approve the settlement, on consent of Defendant and of all heirs,[1] and filed a motion to file redacted versions and seal the unredacted versions of the relevant documents to protect the terms of the settlement. Last week, the parties held an informal joint call with a Court Attorney at the Surrogate's Court regarding the status of the applications which gave the parties several concerns.

    First, the Court Attorney expressed skepticism about the sealing request and raised the possibility of the settlement amount becoming public. However, in the settlement context, confidentiality is standard and important to encouraging resolutions. *See, e.g.*, *In re New York Cty. Data Entry Worker Prod. Liab. Litig.*, 162 Misc. 2d 263, 268, 616 N.Y.S.2d 424, 427–28 (Sup. Ct. 1994), aff'd, 222 A.D.2d 381, 635 N.Y.S.2d 641 (1st Dep't 1995) ("[C]onfidentiality is, in certain circumstances, necessary in order to protect the litigants or encourage a fair resolution of the matter in controversy."); *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 857 (2d Cir. 1998) ("access to settlement discussions and documents had no value to those monitoring the exercise of Article III judicial power by the federal courts"). This circumstances is no different –

---

[1] One of the delays in processing Plaintiff's petition is that the New York State Tax Commission is entitled to notice from the Surrogate's Court but, due to continued COVID-19 protocols, the Surrogate's Court is still not issuing such notices (in the form of a "Citation").

confidentiality is important to the parties and was a material part of the resolution mediated by Magistrate Judge Robert W. Lehrburger. The parties would like to supplement the sealing motion with an order of this Court regarding confidentiality. Judge Lehrburger created a confidential transcript of the settlement agreement but that transcript did not explicitly order confidentiality – although the Court did seal the transcript itself. (Dkt. No. 150). Thus, to assist in the sealing application to the Surrogate's Court, we ask that the Court enter the attached order requiring that the settlement terms remain confidential (Exhibit B).

Second, the Court Attorney described substantial COVID delays at the Surrogate's Court. As an initial matter, the Surrogate will take up the motion to seal, hopefully at some point in August, before turning to the petition to confirm which, itself is estimated to take an additional two-to-four months. The parties do not believe the delay thus far and into the future is reasonable. The parties agreed to the anticipated resolution more than a year ago.

The parties are subject to the Court's jurisdiction and can be directed by the Court to comply with the proposed settlement. Thus, upon request, the parties are prepared to provide the Court with the agreed-upon settlement agreement. The parties are in agreement on all terms but they have not been able to execute the settlement agreement due to the restrictions of the Letters of Limited Administration. If the Court so-ordered and entered the agreement under seal, the parties would, of course, comply with the agreement independent of the Letters of Limited Administration.

The parties are available to discuss the status and any questions the Court has at the Court's convenience.

Respectfully submitted,

RASCO KLOCK PEREZ & NIETO, LLC

By: _____
James Halter

Enclosures
cc:    Counsel of Record (by ECF)

The Court will hold a conference call to discuss the parties' request on July 31, 2020 at 4:00 p.m. The parties are directed to use the conference call dial-in information and access code noted in the Court's Emergency Rules in Light of COVID-19 available on the Court's website, and are specifically directed to comply with Emergency Rule 2(C).
SO ORDERED.

Dated:  July 30, 2020

_____
GREGORY H. WOODS
United States District Judge